[No. 5659.]

# J. W. DOUGLAS *v.* WILL. D. GOULD AND WM. L. MARSHALL.

SETTING ASIDE A MORTGAGE IN EQUITY.—If a qualified pre-emptioner who is residing on a tract of land which he desires to pre-empt executes a mortgage on the same to secure his debt, a Court of Equity will not set it aside for the reason that the statute prohibits him from perfecting his pre-emption after he executes the mortgage, and that he gave the mortgage in ignorance of the law.

IGNORANCE OF THE LAW. — Ignorance of the law is not a ground for relief in equity in such a case.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The Court below rendered judgment for the plaintiff, and the defendants appealed.   The other facts are stated in the opinion.

*Gould & Blanchard,* for the Appellants.

*Hartman & Haley* and *A. J. King,* for the Respondent.

By the COURT:

Judgment was entered for the plaintiff on the pleadings, and the defendants appeal. None of the material averments of the complaint are denied by the answer, except in respect to the representations alleged to have been made by the defendants as to the effect of the mortgage on the rights of the plaintiff as a pre-emptioner. It is specifically denied that any such representations were made; and in the face of this denial, it cannot be assumed, on a motion by the plaintiff for judgment on the pleadings, that such representations were made. Omitting this averment as to the representation, the case, as made by the complaint, is that the plaintiff is a qualified pre-emptioner, and as such settled upon a quarter-section of public land with a view to pre-empt it; but one Rosencrans set up an adverse claim to the land under a State selection, and the plaintiff employed the defendants as attorneys at law to prove his pre-emption claim, paying them one hundred and fifty dollars in cash, and executing to them his promissory note for five hundred dollars, payable when he procured the title from the United States; and to secure the payment of the note, executed to them a mortgage on the land, in ignorance of the fact that under the laws of the United States and the decisions of the Land Department, the existence of the mortgage was a bar to his right to pre-empt the land. But he has since ascertained that he cannot pre-empt it, because of the existence of the mortgage, which he prays may be surrendered and canceled. There is no averment that the defendants have failed in any respect to perform, so far as practicable, the services they engaged to perform, nor that the consideration of the note has failed; nor is it alleged that the plaintiff has filed his declaratory statement, or taken any steps whatever toward pre-empting the land.

On these facts we are of opinion that the complaint presents no ground for equitable relief and we shall assume for the purposes of this decision that the existence of the mortgage is a bar to the successful prosecution of the pre-emption claim. Being in possession of the land the plaintiff had the lawful

right to make a mortgage upon it, and the fact that he was ignorant of a law of Congress which rendered the existence of the mortgage a bar to the assertion of the pre-emption claim, is no ground for setting aside the mortgage. Moreover, he was bound to know the law, and cannot set up his ignorance of it as a reason for setting aside a valid mortgage.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.